VIRGINIA-CAROLINA CHEMICAL COMPANY, A CORPORATION, AND ARMOUR FERTILIZER COMPANY, A CORPORATION, *Appellants,* v. M. J. WARD, *Appellee.*

Opinion Filed March 19, 1921.

1. When a widow elects to take a child's part in her deceased husband's testate estate, such election repudiates the special provisions in such will for her benefit, but does not annul or repudiate the provisions of such will specially authorizing, empowering or directing the executors named in such will to sell and convey specific property, though such election may entitle her to her child's part in the proceeds of such sale.

2. Where it is alleged that a sale of decedent's land was duly made by his executors and trustees under his will, and this is not denied, the chancellor will not be held in error for sustaining exceptions to portions of an answer averring that the sale of decedent's land was subject to the widow's claim of a child's part, since if the widow elected to take a child's part, she takes subject to the valid provision of the will authorizing the sale of property, in the proceeds from which sale she may have the interest of a child's part.

An Appeal from a Decree of the Circuit Court for Alachua County; James T. Wills, Judge.

Affirmed.

*E. G. Baxter* and *W. S. Broome,* for Appellants;

*Hampton* & *Hampton,* for Appellee.

WHITFIELD, J.—In a bill of complaint brought April 1, 1919, by Ward it is in substance alleged that he is the owner of described lands by purchase from the executors and trustees under the will of F. A. Cylatt; that Ward paid $1,500.00 for the said property and received a deed from the said executors and trustees, duly executed and acknowledged according to law on said 2nd day of November, 1910, the same made under and by the power and authority given to the said executors and trustees under and by the terms and conditions of the last will and testament of the said F. H. Clyatt, deceased, which was duly admitted to probate in the County Judge's Court of Alachua County, Florida, the said court having jurisdiction thereof; that said deed was duly recorded upon the records of Alachua County, Florida, being filed on the 7th of November, 1910, and recorded on the 11th of November, 1910, in Book of Deeds No. 80, at page 396; that the said grantors being then and there in the actual possession of the said property, placed your orator in the possession thereof, and your orator took immediate possession of the said property and has used and occupied the same, cultivated and improved the same, and has had the same enclosed, he having used and occupied the property continuously to the present time, and is now in the actual use and occupation of the said property, being open, notorious, adverse and continuous; that the defendant corporations obtained judgments against Mrs. G. T. Jarrell, upon which executions have been issued and levied

upon an alleged undivided one-third interest in the described lands and the property is being advertised for sale; that the said Mrs. G. T. Jarrell, the defendant in the said judgments and executions, has no right, title or interest in the said property, legal or equitable, or any part thereof, that she had no right, title or interest therein at the time of the said levy, nor at the time of the rendition of the judgments, nor at the time of the issue of the executions thereon, nor at any time since said date; that the said defendant in execution did not at the time of the rendition of the said judgment, or either of them, or the issue of the execution thereon, nor at any time since said date, claim any right, title or interest in the said property of your orator, and therefore the levy of the said executions upon the said property is illegal and void; that your orator is the owner of the entire interest in, and the title to the said property, and every part thereof; that he has been in the actual, open, notorious and adverse possession and occupancy thereof for more than seven (7) years under claim and color of title before the rendition of the said judgments, or either of them, and is now in the actual occupancy and possession of the said property, having the same enclosed under a substantial fence and under cultivation, as aforesaid.

Appropriate relief was prayed.

By separate answers the defendant corporations deny the ownership and adverse possession of the complainant, and in effect aver that Mrs. G. T. Jarrell was in 1907 the wife of F. H. Clyatt, who died, leaving her as his widow and also two children; that at his death Clyatt owned the land; that his widow elected to take a child's part in his estate and thereby became the owner of an undivided one-third interest in the land, which interest is

subject to the executions aforesaid.    The widow subsequently became Mrs. G. T. Jarrell.

The court sustained exceptions to portions of the answers relating to the election of the widow to take a child's part in her deceased husband's estate, and the defendants appealed.

The answers do not deny the allegations of the bill of complaint that the land was sold and conveyed by the executors and trustees of F. H. Clyatt's will "under authority given to the said executors and trustees under and by the terms and conditions of the last will and testament of the said F. H. Clyatt, deceased, which was duly admitted to probate."

When the widow elected to take a child's part in her deceased husband's estate, her interest therein may have become subject to the provision of his last will and testament, authorizing the sale of particular lands of the testator; and if the will authorized the executors and trustees of the will to sell the land in controversy, the widow's child's part therein may have been properly included in the sale and conveyance alleged to have been made by the executors and trustees; in which event the complainant may have a good title to the land.

As the answer in not denying the validity of the sale by the trustees does not set up a complete defense to the bill of complaint, the court will not be held in error for sustaining exceptions to the stated portions of the answers.    But if it should appear that the sale of the lands authorized to be made by the executors and trustees of the will of F. H. Clyatt was not of such a nature as to convey the widow's child's part therein, then, the defend-

ants may again appropriately set up the matters eliminated on the exceptions.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.